## 17761.  SHANK v. THE STATE.

## 17762.  THOMAS v. THE STATE.

Failure to charge the jury in this case that to convict the defendants, who were charged with vagrancy, the evidence should show that they were more than sixteen years of age, is not shown to have been error, it not

Criminal Law, 17 C. J. p. 176, n. 78.

appearing from the motion for a new trial, or from the evidence, that either of the defendants was not of that age.

The evidence authorized the verdict.

DECIDED JANUARY 11, 1927.

Vagrancy; from city court of Washington—Judge Sutton. October 11, 1926.

*F. H. Colley, Hugh E. Combs,* for plaintiff in error.

*Charles H. Calhoun, solicitor,* contra.

BROYLES, C. J. 1. The defendants in these two cases were convicted of the offense of vagrancy. The accusation in each case was drawn under subsections 1, 2, and 3 of section 449 of the Penal Code, and contained no reference to the age of the defendant. Each defendant made a motion for a new trial, based upon the usual general grounds and upon a special ground that "the court failed to charge the jury that it was necessary, before a conviction, that the evidence should show that the defendants were over sixteen years of age. It having been argued before the jury by counsel for the defendants that proof of the age of the defendants was necessary, and the defendants being present and in court and observed by the jury, the court having failed to make this charge, the jury were led to conclude that it was not necessary to prove that the defendants were over the age of sixteen years. Also, when the solicitor was about to attempt to prove the ages of the defendants, the court stated that it was too late." This ground fails to show that the defendants were not over sixteen years of age. Furthermore, it fails to show that they were minors. The evidence also fails to show the ages of the defendants. It is impossible for this court to determine from the special ground of the motion for a new trial, or from the evidence, or from both combined, whether the defendants were minors or adults. It follows that this court is unable to hold that the failure of the court to charge as complained of was error.

2. The verdict was authorized by the evidence.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*